IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DANIEL DAWIDZIONEK §<br>    PLAINTIFF, §<br> §<br>VS. §<br> §<br>COMMISSIONER, §<br>SOCIAL SECURITY ADMINISTRATION, §<br>    DEFENDANT. § | CIVIL ACTION NO. 4:21-CV-606-P |

## ORDER RECOMMENDING DISMISSAL OF CASE AND RETURNING CASE TO DISTRICT JUDGE

On April 29, 2021, *pro se* Plaintiff Daniel Dawidzionek ("Dawidzionek") filed his complaint against Defendant Commissioner of the Social Security Administration. Dawidzionek also filed a motion to proceed in forma pauperis that same day, which the Court ultimately granted on May 11, 2021. Thereafter, on September 20, 2021, Defendant filed her answer to Dawidzionek's complaint. On September 22, 2021, the Court issued an Order Directing Case to Be Treated as an Appeal that required Dawidzionek to file a brief within thirty days setting forth all the errors that he contends entitle him to relief. Dawidzionek failed to comply with the Court's order.

Consequently, on November 22, 2021, the Court issued an Order Directing Plaintiff to File Brief, which required Dawidzionek to file his brief no later than December 6, 2021, and cautioned Dawidzionek that, if he failed to comply with this order, the Court would recommend dismissal without further notice of his claims and causes of action against Defendant. As of the date of this order, Dawidzionek has wholly failed to file such a brief.

Federal Rule of Civil Procedure ("Rule") 41(b) authorizes a court to dismiss an action *sua sponte* for failure to prosecute or failure to comply with any court order. *Larson v. Scott*, 157 F.3d

1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). Although the language of Rule 41(b) specifically addresses dismissal pursuant to a motion brought by a Defendant, the Fifth Circuit has recognized that a court's authority to dismiss a case *sua sponte* under Rule 41(b) flows from its inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

In the instant case, Dawidzionek has been given ample opportunity to file his brief in support of his appeal. The fact that Dawidzionek is proceeding *pro se* does not excuse him from following the orders of the Court as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (internal quotations omitted). The Court, therefore, **RECOMMENDS** dismissal of this case without prejudice pursuant to Rule 41(b).

Based on the foregoing, it is **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is **RETURNED** to the docket of the United States District Judge.

SIGNED December 13, 2021.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

2